# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10152
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CYNTHIA POLLET,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-249-6

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Cynthia Pollet pleaded guilty to conspiring to possess with intent to distribute methamphetamine. Her offense level was based on a relevant drug quantity of more than five but less than fifteen kilograms of methamphetamine. On appeal, she contends that the admitted facts established only a buyer-seller relationship rather than a conspiracy, and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was no reliable evidence that her crime involved eleven kilograms of methamphetamine.  Reviewing both claims for plain error, we affirm.

Because she did not raise these claims in the district court, Pollet must show that any error was "clear or obvious, rather than subject to reasonable dispute," and that the error affected her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she does so, we have discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the court proceedings.  *Id.*

To pass the first test concerning her contention that there was no factual basis for her plea, Pollet must show that "it is clear or obvious what the government must prove to establish the offense, and, notwithstanding that clarity, the district court [accepted her plea] without an adequate factual basis."  *United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013) (internal quotation marks and citation omitted), *cert. denied*, 134 S. Ct. 950 (2014).  When "the district court's factual basis finding is subject to reasonable dispute" there is no clear or obvious error.  *Id.* at 952.

To determine whether there was a factual basis for the plea, the district court was required to "compare: (1) the conduct to which the defendant admits; and (2) the elements of the offense charged in the indictment."  *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  The elements of the charged conspiracy crime "are (1) an agreement with another person; (2) knowledge of the agreement; and (3) voluntary participation in the conspiracy."  *United States v. Cervantes*, 706 F.3d 603, 617 (5th Cir. 2013).  The requisite agreement need not be explicit or formal but may be inferred from the circumstances.  *United States v. McCullough*, 631 F.3d 783, 792 (5th Cir. 2011).  In reviewing Pollet's claim for plain error, we examine the entire record for facts supporting the plea; this includes the factual findings in a presentence report (PSR) and

"fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing." *United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010) (internal quotation marks and citations omitted).

A simple "buyer-seller relationship, without more, will not prove a conspiracy." *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993). "The buyer-seller exception prevents a single buy-sell agreement, which is necessarily reached in every commercial drug transaction, from automatically becoming a conspiracy to distribute drugs." *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012). The rule applies to "mere acquirers and street-level users." *Id.*

The admissions and the facts adopted from the PSR establish that Pollet regularly bought a kilogram or more of methamphetamine from a supplier in the Dallas area and that she took the drugs to Oklahoma for further distribution. Her supplier often facilitated her distribution activity by delivering the methamphetamine to her in or near Oklahoma. Pollet's frequent purchase of distributable quantities of methamphetamine established more than a mere buyer-seller relationship. *See Maseratti*, 1 F.3d at 338 (reasoning that a defendant participated in a conspiracy by being a repeat customer and buying large quantities of drugs); *United States v. Mitchell*, 777 F.2d 248, 261 (5th Cir. 1985) (reasoning that a defendant's "continuing relationship with the other defendants and the sizes of the caches involved establishes his role in the conspiracy to import and distribute marijuana."); *see also United States v. Akins*, 746 F.3d 590, 605 (5th Cir.) (regular purchases in distributable quantities showed a conspiracy), *cert. denied* 135 S. Ct. 189 (2014), *and cert. denied,* 2014 WL 4928160 (Nov. 3, 2014) (No. 14-6489), *and cert. denied,* 2014 WL 2891571 (Dec. 1, 2014) (No. 13-10699), *and cert. denied,* 2014 WL 2919626 (Dec. 1, 2014) (No. 13-10760). Nothing suggests that Pollet

was merely an acquirer or street-level user.  *See Delgado*, 672 F.3d at 333.
Pollet shows no clear or obvious error in the district court's finding of a factual
basis for her conspiracy plea.

In addition, Pollet contends that the district court plainly erred by
finding her responsible for eleven kilograms of methamphetamine.   The
district court was entitled to rely on the facts recited in the PSR because they
had an adequate evidentiary basis and Pollet offered nothing to rebut them.
*See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).   The PSR
recounted that Pollet's supplier regularly sold her at least one kilogram at a
time over a period of almost six months, and police in Oklahoma reported that
Pollet bought at least eleven kilograms from that supplier.

Pollet fails to show that the district court committed error, plain or
otherwise, in accepting her plea and imposing her sentence.  The judgment is
AFFIRMED.